**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
MARGARET C. PRUITT (SBN 298613)
mpruitt@dollamir.com
515 S. Flower Street, Suite 1812
Los Angeles, California 90071
Tel:  213.542.3380
Fax: 213.542.3381

Attorneys for Defendant,
UPSTART NETWORK, INC.
(incorrectly named as "Upstart Holdings, Inc.")

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN PIRC,** | Case No. 5:26-cv-02521-BLF |
| Plaintiff, | *Assigned to Judge Beth Labson Freeman* |
| v. | |
| **UPGRADE, INC.; UPSTART HOLDINGS, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND TRANSUNION, LLC,** | **DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES** |
| Defendants. | Complaint Filed:   03/23/2026 Trial Date:        TBA |

DOLL AMIR & ELEY LLP

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

Defendant Upstart Network, Inc., incorrectly named as "Upstart Holdings, Inc." (hereinafter, "Upstart"), by and through its undersigned counsel, answers the Complaint for Damages filed by Plaintiff John Pirc ("Plaintiff") as follows:

Except as expressly admitted or qualified below, Upstart denies each and every allegation in the Complaint.

**INTRODUCTION**

1. Answering paragraph 1, Upstart states that the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and its legislative history speak for themselves and, on that basis, denies any allegations of paragraph 1 inconsistent therewith.

2. Answering paragraph 2, Upstart states that the Cal. Civ. Code §§ 1788.1(a)-(b) and its legislative history speak for themselves and, on that basis, denies any allegations of paragraph 2 inconsistent therewith.

3. Answering paragraph 3, Upstart admits that the Complaint purports to state claims arising under the FCRA and the California Consumer Credit Reporting Agencies Act ("CCCRAA"). Upstart denies that it is liable to Plaintiff for any alleged damages. Upstart does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies, generally and specifically, each and every remaining averment contained therein.

4. Answering paragraph 4, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

5. Answering paragraph 5, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

6. Answering paragraph 6, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

7. Answering paragraph 7, Upstart denies, generally and specifically, each

DOLL AMIR & ELEY LLP

and every averment contained therein.

8.     Answering paragraph 8, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

### JURISDICTION AND VENUE

9.     Answering paragraph 9, Upstart admits that Plaintiff has alleged jurisdiction based on 28 U.S.C. § 1331, 15 U.S.C. § 1681 et seq., and 28 U.S.C. § 1367, which are legal conclusions not subject to denial or admission.

10.     Answering paragraph 10, Upstart denies, generally and specifically, each and every averment contained therein.

11.     Answering paragraph 11, Upstart admits that it conducts business in California.  Upstart states that Plaintiff's allegation of personal jurisdiction is a legal conclusion not subject to denial or admission.  With respect to the remaining allegations in paragraph 11, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

12.     Answering paragraph 12, Upstart admits that Plaintiff has alleged venue based on 28 U.S.C. § 1391, which is a legal conclusion not subject to denial or admission.

### PARTIES

13.     Answering paragraph 13, Upstart admits that Plaintiff is a natural person.  With respect to the remaining allegations in paragraph 13, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

14.     Answering paragraph 14, Upstart states that this is a legal conclusion not subject to admission or denial.  To the extent a response is required, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

allegations and on that basis denies, generally and specifically, each and every averment contained therein.

15.     Answering paragraph 15, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

16.     Answering paragraph 16, Upstart admits that it is a financial technology company headquartered in the State of California.

17.     Answering paragraph 17, Upstart admits that it furnishes information to credit reporting agencies.  With respect to the remaining allegations in paragraph 17, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

18.     Answering paragraph 18, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

19.     Answering paragraph 19, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

20.     Answering paragraph 20, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

21.     Answering paragraph 21, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

22.     Answering paragraph 22, Upstart admits that it is a person as defined by Cal. Civ. Code § 1785.3(k).  With respect to the remaining allegations in paragraph 22, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each

4

and every averment contained therein.

23.   Answering paragraph 23, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

**FACTUAL ALLEGATIONS**

24.   Answering paragraph 24, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

25.   Answering paragraph 25, Upstart admits that, on or about February 5, 2025, it received a payment in from the same joint University Federal Credit Union account ending in -4014 into which certain loan proceeds had been disbursed.  With respect to the remaining allegations in paragraph 25, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

26.   Answering paragraph 26, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

27.   Answering paragraph 27, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

28.   Answering paragraph 28, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

29.   Answering paragraph 29, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

30.   Answering paragraph 30, Upstart does not have knowledge or

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

DOLL AMIR & ELEY LLP

information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

31. Answering paragraph 31, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

32. Answering paragraph 32, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

33. Answering paragraph 33, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

34. Answering paragraph 34, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

35. Answering paragraph 35, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

36. Answering paragraph 36, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

37. Answering paragraph 37, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

38. Answering paragraph 38, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

39. Answering paragraph 39, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

DOLL AMIR & ELEY LLP

basis denies, generally and specifically, each and every averment contained therein.

40.    Answering paragraph 40, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

41.    Answering paragraph 41, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

42.    Answering paragraph 42, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

43.    Answering paragraph 43, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

44.    Answering paragraph 44, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

45.    Answering paragraph 45, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

46.    Answering paragraph 46, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

47.    Answering paragraph 47, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

48.    Answering paragraph 48, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

Doll Amir & Eley LLP

7

49.    Answering paragraph 49, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

50.    Answering paragraph 50, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

51.    Answering paragraph 51, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

52.    Answering paragraph 52, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

53.    Answering paragraph 53, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

54.    Answering paragraph 54, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

55.    Answering paragraph 55, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

56.    Answering paragraph 56, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

57.    Answering paragraph 57, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

58.    Answering paragraph 58, Upstart does not have knowledge or

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

DOLL AMIR & ELEY LLP

information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

59. Answering paragraph 59, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

60. Answering paragraph 60, Upstart denies each and every averment pertaining to Upstart. With respect to the remaining allegations in paragraph 60, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

61. Answering paragraph 61, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

62. Answering paragraph 62, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

63. Answering paragraph 63, Upstart denies each and every averment pertaining to Upstart. With respect to the remaining allegations in paragraph 63, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

64. Answering paragraph 64, Upstart denies each and every averment pertaining to Upstart. With respect to the remaining allegations in paragraph 64, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

65. Answering paragraph 65, Upstart denies, generally and specifically, each and every averment contained therein.

DOLL AMIR & ELEY LLP

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

66. Answering paragraph 66, Upstart denies, generally and specifically, each and every averment contained therein.

67. Answering paragraph 67, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

68. Answering paragraph 68, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

69. Answering paragraph 69, Upstart denies each and every averment pertaining to Upstart. With respect to the remaining allegations in paragraph 69, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

70. Answering paragraph 70, Upstart denies each and every averment pertaining to Upstart. With respect to the remaining allegations in paragraph 70, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

71. Answering paragraph 71, Upstart denies each and every averment pertaining to Upstart. With respect to the remaining allegations in paragraph 71, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

72. Answering paragraph 72, Upstart denies each and every averment pertaining to Upstart. With respect to the remaining allegations in paragraph 72, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

DOLL AMIR & ELEY LLP

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

73.     Answering paragraph 73, Upstart denies each and every averment pertaining to Upstart.  With respect to the remaining allegations in paragraph 73, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

74.     Answering paragraph 74, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

75.     Answering paragraph 75, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

76.     Answering paragraph 76, Upstart denies each and every averment pertaining to Upstart.  With respect to the remaining allegations in paragraph 76, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

77.     Answering paragraph 77, Upstart denies each and every averment pertaining to Upstart.  With respect to the remaining allegations in paragraph 77, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

78.     Answering paragraph 78, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

79.     Answering paragraph 79, Upstart denies that it is liable for any punitive damages.  With respect to the remaining allegations in paragraph 79, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every

DOLL AMIR & ELEY LLP

11

averment contained therein.

80.    Answering paragraph 80, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

81.    Answering paragraph 81, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

82.    Answering paragraph 82, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

83.    Answering paragraph 83, Upstart denies each and every averment pertaining to Upstart.  With respect to the remaining allegations in paragraph 83, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

84.    Answering paragraph 84, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681-1681X (FCRA)**

85.    Answering paragraph 85, Upstart hereby repeats and incorporates by reference its responses to all of the preceding paragraphs of the Complaint.

86.    Answering paragraph 86, Upstart denies, generally and specifically, each and every averment pertaining to Upstart.  Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

DOLL AMIR & ELEY LLP

87. Answering paragraph 87, Upstart denies that Plaintiff is entitled to recover actual damages or attorney's fees or costs from Upstart. With respect to the remaining allegations, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

88. Answering paragraph 88, Upstart denies that Plaintiff is entitled to recover actual damages, punitive damages or attorney's fees or costs from Upstart. With respect to the remaining allegations, does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ. (CCCRA)

89. Answering paragraph 89, Upstart hereby repeats and incorporates by reference its responses to all of the preceding paragraphs of the Complaint.

90. Answering paragraph 90, Upstart denies that its conduct constitutes a violation of the CCCRAA. With respect to the remaining allegations in paragraph 90, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

91. Answering paragraph 91, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

92. Answering paragraph 92, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

93. Answering paragraph 93, Upstart does not have knowledge or

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

94.    Answering paragraph 94, Upstart does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every averment contained therein.

## PRAYER FOR RELIEF

With respect to the "Prayer for Relief" section of the Complaint, Upstart denies that Plaintiff is entitled to any of the relief that she seeks as against Upstart.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint and without assuming any burden of proof or burden not required by law, Upstart alleges the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff failed to mitigate his damages, if any.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's claims are barred, in whole or in part, because Upstart cannot be held liable for any purported damages allegedly suffered by Plaintiff to the extent that such damages resulted from intervening causes and/or the acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third persons over whom Upstart had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE

4.    Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Upstart.

DOLL AMIR & ELEY LLP

Doll Amir & Eley LLP

## FIFTH AFFIRMATIVE DEFENSE

5.     Upstart acted at all times in compliance with the FCRA, CCRAA, Rosenthal Act and CITA, and is entitled to each and every defense stated in the statutes and any and all limitations of liability.

## SIXTH AFFIRMATIVE DEFENSE

6.     Upstart acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff is estopped from recovering from Upstart.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's Complaint seeks punitive damages.  Upstart adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

## TENTH AFFIRMATIVE DEFENSE

10.     Upstart pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claim that Upstart committed willful violations of the Fair Credit Reporting Act is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

DOLL AMIR & ELEY LLP

## TWELFTH AFFIRMATIVE DEFENSE

12.    As a result of this litigation, Upstart was required to retain the undersigned counsel, to whom they are obligated to pay a reasonable fee, for which Upstart is entitled to recovery pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Upstart acted in good faith and any violation by Upstart of the statutes alleged in the Complaint was not intentional and resulted (if at all) from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Upstart is informed and believes, and on that basis alleges that it has complied with all applicable state and federal laws, statutes and regulations and, therefore, cannot be held liable for any alleged damages suffered by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff is not entitled to attorneys' fees.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    The alleged actions of Upstart were not accompanied by actual malice, intent or ill will.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff lacks standing to assert the claims alleged in this action against Upstart because Plaintiff did not suffer a concrete injury.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff is barred from obtaining any recovery on the allegations in the Complaint by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Upstart alleges that at all times alleged in the Complaint, it maintained reasonable procedures in order to prevent any type of intentional violations of the FCRA.

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES

<strong><u>TWENTIETH AFFIRMATIVE DEFENSE</u></strong>

20.   Upstart reserves the right to supplement its affirmative defenses as it continues with its factual investigation of Plaintiff's claims.

WHEREFORE, Upstart prays for judgment against Plaintiff as follows:

a.   That the Complaint be dismissed with prejudice in its entirety;

b.   That Plaintiff takes nothing by reason of his Complaint;

c.   That judgment be entered in favor of Upstart;

d.   For recovery of Upstart's costs of suit, including its attorneys' fees to the extent recoverable by contract or law; and

e.   For such other and further relief as the Court deems just.

DATED:  June 18, 2026                 **DOLL AMIR & ELEY LLP**

By:  */s/ Hunter R. Eley*_____
HUNTER R. ELEY
MARGARET C. PRUITT
Attorneys for Defendant,
UPSTART NETWORK, INC. (incorrectly named as "Upstart Holdings, Inc.")

DOLL AMIR & ELEY LLP

DEFENDANT UPSTART NETWORK, INC.'S ANSWER TO COMPLAINT FOR DAMAGES